**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA ,

      Plaintiff - Appellee,

vs.

JOE EARL RODGERS,

      Defendant - Appellant.

No. 98-5152
(D.C. No. 96-CV-1068)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Defendant-Appellant Joe Earl Rodgers, an inmate appearing pro se, appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, and seeks a certificate of appealability (COA). We deny Mr. Rodgers' application for COA and dismiss this appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Rodgers was convicted after a jury trial of conspiring to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), and use or carrying of firearms during drug trafficking, in violation of 18 U.S.C. § 924(c). We affirmed his conviction and sentence in United States v. Rodgers, No. 92-5029, 1993 WL 181445 (10th Cir. May 26, 1993) (unpublished).

In his § 2255 motion, Mr. Rodgers argued that (1) trial counsel provided ineffective assistance by (a) failing to object to jury instructions which did not require the jury to find "interdependency" as an essential element of the conspiracy charge and (b) failing to object to the use of drug addicts' statements at sentencing; and (2) there was insufficient evidence to support a finding that he used or carried a firearm within the meaning of Bailey v. United States, 516 U.S. 137 (1995). In addition to these arguments, he asserts in this appeal that 18 U.S.C. § 201(c)(2) was violated by the government's practice of offering leniency or immunity to "drug addict" witnesses in exchange for their testimony. This assertion is answered by our decision in United States v. Singleton, 165 F.3d 1297 (10th Cir. 1999) (en banc). As to Mr. Rodgers' other arguments, we have thoroughly reviewed the record, and affirm for substantially the reasons stated by the district court in its order dated July 13, 1998. Because Mr. Rodgers has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his application for COA and dismiss his appeal.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge